DLD-044                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4008
_____

IN RE:  ROBERT GENE REGA,
                                                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to D.C. Civil No. 2:08-cv-00156)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 17, 2011

Before:    AMBRO, JORDAN and VANASKIE, <u>Circuit Judges</u>


(Opinion filed:  December 5, 2011)

_____

OPINION
_____

PER CURIAM

        Pennsylvania state prisoner Robert Gene Rega, proceeding pro se, petitions this

Court for a writ of mandamus directing the United States District Court for the Western

District of Pennsylvania to rule on the motion for summary judgment that is pending in

his civil rights action.  For the reasons that follow, we will deny the petition.

Rega is a prisoner at the State Correctional Institution at Greene in Waynesburg, Pennsylvania. In February 2008, he initiated a pro se civil rights action in the District Court against numerous prison officials and medical personnel, alleging, inter alia, that he had failed to receive certain medical treatment while incarcerated.

In the months (and years) that followed, the parties submitted a host of motions and other filings, [1] the lion's share of which were filed by Rega. On March 17, 2011, a subset of the defendants moved for summary judgment. The District Court received Rega's opposition to that motion on April 14, 2011. On May 13, 2011, the court received another filing from Rega, this one titled "Plaintiff's Motion to Hold Summary Judgment Proceedings in Abeyance." On May 18, 2011, the United States Magistrate Judge assigned to the case, construing Rega's motion as a request to supplement his opposition to the summary judgment motion, granted that request and directed Rega to file his supplement by June 8, 2011.

Rega never supplemented his opposition to the summary judgment motion. Instead, he moved the court to "issue an order to the pending motion for summery [sic] judgment"; the court received this motion on August 2, 2011. On or about October 31, 2011, at which point this motion remained pending, Rega filed the instant mandamus petition, seeking to compel the District Court to adjudicate the summary judgment

---

[1] At present, there are more than 400 entries on the District Court's docket sheet.

motion. On November 4, 2011, the Magistrate Judge denied Rega's August 2, 2011 motion, stating that "[t]he Court is aware of the pending motion [for summary judgment] and will issue a Report and Recommendation to the District Judge in due course." The summary judgment motion remains pending before the Magistrate Judge.

## II.

A writ of mandamus is a drastic remedy available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain mandamus relief, a petitioner must show that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 130 S. Ct. 705, 710 (2010) (per curiam) (internal quotation marks and citation omitted).

Rega has not made that showing here. Although we may issue a writ of mandamus when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), that situation is not present here. The pending summary judgment motion has been ripe for disposition only since June of this year. Cf. id. (concluding that eight months of inaction on petitioner's motions was insufficient to compel mandamus relief). Although Rega claims that the District Court has delayed ruling on the motion "so as to ameliorate [defense] counsels [sic] personal schedule," this accusation is baseless. As for Rega's contention that delay in ruling on the motion "jeopardizes" witnesses' respective recollections and "risks

3

additional defendants becoming deceased," [2] this claim is unsupported and fails to show how anything less than expedited consideration of the motion would prejudice him.

We are fully confident that the Magistrate Judge will issue her Report in short order, and that, after affording the parties an opportunity to object to that Report, the District Court will rule on the summary judgment motion without undue delay. In light of the above, we will deny Rega's mandamus petition.

---

[2] It appears that one defendant passed away at some point before being served, and that another defendant passed away in 2010.

4